Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered on or about March 15, 2012, granting the petition to declare arbitrary and capricious respondents’ policy of deferring in educational decisions to the parent with primary physical custody, and ordering respondents to include petitioner as a joint legal guardian on his child’s school file, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
It is the policy of respondent Department of Education to take direction from the parent with primary physical custody where, as here, the divorced parents of a student have joint legal custody of the student and are unable to agree on a decision as to the student’s education, and there is no court order specifying who is entitled to make educational decisions. Respondent adopted this policy to avoid becoming entangled in custody disputes. Given the options available to the Department of Education for resolving such a disagreement, it cannot be said that the policy is without a rational basis in the record and is therefore arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale *539 & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Nor does the policy affect petitioner’s legal rights as a parent with joint legal, but not primary physical, custody. Petitioner is free to pursue a modification of his judgment of divorce to provide for joint decision-making as to the child’s education.
Since petitioner failed to raise his argument that respondent’s policy violates the City Administrative Procedure Act (New York City Charter § 1041 et seq.) in his petition, we decline to consider it (see Matter of Cherry v Horn, 66 AD3d 556 [1st Dept 2009]). Concur — Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.